**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**YORK INVESTMENTS, LLC and**
**TRICOM, INC.,**

      **Plaintiffs,**

**v.**                                                    **No. 22-cv-0659 KRS/SMV**

**BORDER PARTS GROUP, INC. and**
**KEITH BOYD,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on review of the Notice of Removal [Doc. 1], filed by Defendants on September 8, 2022. The Court has a duty to determine sua sponte whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Notice of Removal, the underlying Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Notice of Removal fails to allege the necessary facts of citizenship to sustain diversity jurisdiction. Specifically, Defendants fail to allege the citizenship of each and every member of Plaintiff York Investments, LLC. Therefore, the Court will order Defendants to file an amended Notice of Removal no later than **October 13, 2022**, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## Background

On September 8, 2022, Defendants removed this case to federal court, asserting complete diversity between the parties and that the amount in controversy exceeded $75,000. [Doc. 1] at 2−3. In support of their claim of diversity of citizenship, Defendants alleges that they are citizens of Texas and Plaintiffs are citizens of New Mexico. *Id.* at 3. As to Plaintiff York Investments, LLC specifically, Defendants alleges that it "is a New Mexico limited liability company with its principal place of business in Do[ñ]a Ana County, New Mexico." *Id.* at 2. However, Defendants make no allegation about the citizenship of York's members. *See id.*

## Legal Standard

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petrol. Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013).

## Discussion

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. § 1332(a). When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the

defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b).

Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c). Limited liability companies, however, are treated as partnerships for citizenship purposes and are therefore citizens of each and every state in which any member is a citizen. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

Here, the facts set forth in the Notice of Removal [Doc. 1] do not sufficiently establish the citizenship of Plaintiff York Investments, LLC, because they fail to allege the citizenship of each of its members.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants amend the Notice of Removal to properly allege diversity of citizenship, including the citizenship of each and every member of York Investments, LLC, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **October 13, 2022**.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed by **October 13, 2022**, this action may be remanded to state court.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**